UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOHN MIGUEL SWAN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:23-00132-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| JOHN GILLEY, Warden, ) | **&** |
| ) | **ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

John Miguel Swan is an inmate confined at the federal prison in Pine Knot, Kentucky. Swan has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1.] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Swan's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In his petition, Swan asserts that the Bureau of Prisons is not properly calculating his security level.  Specifically, he complains that the BOP has incorrectly concluded that detainers have been filed against him based upon still-unresolved charges.  Swan appears to indicate that

this stems from false information in his Presentence Investigation Report. Swan states that the BOP has placed him in a highest security level penitentiary instead of a minimum-security facility where he believes he belongs. As a result, Swan will not have access to rehabilitative programs that he desires to participate in. [R. 1 at 2-3, 6-10.] Swan filed numerous inmate grievances, both informal and formal, on the topic. The BOP responded that there are no pending detainers for Swan, only pending charges. The BOP indicated that it is in the process of clarifying their status administratively with the charging authorities. [R. 1-1 at 1-28.]

The Court will deny the petition upon initial review because Swan's concerns are not redressable in a habeas corpus proceeding. Habeas corpus review is generally limited to agency action that affects the very fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). However, Swan's concerns relate not to the duration of his sentence, but to the conditions of his confinement, and therefore must be pursued (if at all) as a civil rights action filed pursuant to 28 U.S.C. § 1331. *Cf. Owen v. Sepanek*, No. 0:14-CV-158-HRW, 2014 WL 6610169, at *3 (E.D. Ky. Nov. 19, 2014) (collecting cases holding that an inmate's challenge to his security classification is not cognizable in habeas); *McCrary v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at *4 (E.D. Ky. 2009) (because the petitioner's claims challenging security classification and place of confinement "do not challenge the fact of his conviction or the duration of his sentence, they may not be asserted in a habeas corpus petition pursuant to Section 2241 [but are instead] 'conditions of confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331."). *See also Wilson v. Williams*, 961 F.3d 829, 837-838 (6th Cir. 2020) (noting that claims challenging fact or extent of confinement are properly brought under § 2241, while "conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not properly brought under §

2241.") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *Taylor v. Ives*, No. 11-CV-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (collecting cases).  Under such circumstances, a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke*, 704 F.3d at 466 (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

    Accordingly, the Court **ORDERS** as follows:

    1.    John Miguel Swan's petition **[R. 1]** is **DENIED**.

    2.    This matter is **STRICKEN** from the docket.

This the 11th day of August 2023.

Gregory F. Van Tatenhove
United States District Judge